# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

REGINA BOSTON,

        PLAINTIFF,

        v

HEALTHCARE REIMBURSEMENT SERVICES,

        DEFENDANT.

CIVIL ACTION NO.: 3:13cv471 (Gcm)
COMPLAINT

JURY TRIAL DEMANDED

FILED
CHARLOTTE, NC

AUG 1 6 2013

US District Court
Western District of NC

For this Complaint, the Plaintiff, Regina Boston, states as follows:

## JURISDICTION

1.    This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"),

2.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3.    The Plaintiff, Regina Boston ("Plaintiff"), is an adult individual residing in Charlotte, North Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.    Defendant Healthcare Reimbursement Services ("HRS"), is a South Carolina business entity with addresses of 68 Global Drive, Suite 100, Greenville, SC 29607 and 1454 Gentry Memorial Hwy, Easley, South Carolina 29640, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.    Defendant is not in compliance to operate within North Carolina law as they are not licensed with the North Carolina Department of Insurance.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Alleged Debt

1

6. The Plaintiff incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to HRS for collection, or HRS was employed by the Creditor to collect the Debt.

9. The Defendant attempted to collect the Debt and, as such, engaged in communications" as defined in 15 U.S.C. § 1692a(2).

10. On the back of HRS' letter was the wording that it was a debt collector attempting to collect a debt. [**See EXHIBIT A**]

10. There was no other writing on the back of the communication which would have given a consumer instruction as to how to proceed if the alleged debt was disputed by the consumer.

11. Defendant sent a letter to Plaintiff dated March 12, 2013 which the included the name of a "Daren Z Bethea II Dc" listed at an address in Greenville, SC. [**See EXHIBIT A**]

12. However, on Defendant's envelope was a different name and address with no mention of said "Daren Z Bethea II Dc". [**See EXHIBIT A**]

13. On March 15, 2013, Plaintiff sent to HRS a debt validation request letter via certified mail with return receipt bearing number 7011 0470 0000 7991 0729. **See [EXHIBIT B]**

14. HRS received the debt validation letter on March 18, 2013. [**See EXHIBIT C**]

### B. HRS Engages in Failure to Validate

15. Since February of 2013, HRS sent as many as six (6) debt collection or "dunning" letters to Plaintiff in an attempt to collect an alleged Debt after HRS received said debt validation request. [**See EXHIBIT A**]

2

16. HRS did not respond to said debt validation request.

17. Without validating the alleged debt, HRS continued to send collection letters to Plaintiff and attempted to collect the alleged Debt.

### C. Plaintiff Suffered Actual Damages

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation and anger.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendant's conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendant, in their March 12, 2013 letter specifically and subsequent letters, generally; did not the name the creditor to whom the debt was allegedly owed.

22. The Defendant's conduct violated 15 U.S.C. § 1692b in that after Plaintiff sent a debt validation request disputing the debt within the 30-day period; Defendant did not cease communications with Plaintiff.

23. The Defendant's conduct violated 15 U.S.C. § 1692e(14) in that in their initial March 12, 2013 letter, Defendant used a name other than the true name of its business.

24. The Defendant's conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendant did not include a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain

verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;

**25.** The Plaintiff is entitled to damages as a result of Defendant's violations.

**26.** Should the court find any deficiencies in Plaintiff's complaint, Plaintiff requests to be given leave to amend to correct such deficiencies.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff; and

4. Such other and further relief as may be just and proper.

Dated: August 16, 2013

Respectfully submitted,

Regina Boston

4

# EXHIBIT A

5

March 12, 2013


Daren Z Bethea II Dc
68 Global Drive
Greenville, SC 29607-4628



Regina Boston
1220 Ballina Way
Charlotte, NC 28214

ACCOUNT#: 5325


Dear Regina Boston:

Upon reviewing your account, we have noticed that we have
not received a payment in the last two months. We are sure this
was just an oversight. As of the above date the account balance
is $1335.00.

If you have recently made a payment, please disregard this
and accept our thank you. If not, please send a payment to keep
your account current, or contact our office at 800-708-1679.

We value the relationship we presently have with you, and
would find it most regrettable to see anything jeopardize that
relationship.

Sincerely,

Kristie Wzorek
Account Representative

# STATEMENT

HEALTHCARE REIMBURSEMENT SVCS
68 GLOBAL DRIVE
SUITE 100
GREENVILLE SC 29607

ADDRESS SERVICE REQUESTED



SHOW AMOUNT
PAID HERE          $ _____

| (800) 708-1679 | 02/28/13 | 5325 | 01 | 1335.00 |
|---|---|---|---|---|
| OFFICE PHONE NUMBER | CLOSING DATE | YOUR ACCOUNT NUMBER | PAGE NO. | PATIENT BALANCE |

>01728 2351949 001 092096
MS REGINA BOSTON
1220 BALLINA WAY
CHARLOTTE NC  28214-7157

HEALTHCARE REIMBURSEMENT SVCS
68 GLOBAL DR STE 100
GREENVILLE SC  29607-4628

NOTE: Charges and payments not appearing on this
statement will appear on next month's statement.

PLEASE RETURN THIS PORTION WITH PAYMENT

CHARGES APPEARING ON THIS STATEMENT ARE NOT INCLUDED ON ANY HOSPITAL BILL OR STATEMENT

01728 2351949 001728 001729 0001/00001 92096S904

| DATE | PROVIDER NAME | EXPLANATION OF ACTIVITY | PATIENT NAME | CHARGES AND DEBITS | PAYMENTS AND CREDITS |
|---|---|---|---|---|---|
| | | STARTING BALANCE | | 540.00 | |
| 020312 | BETHEA II DC | MANUAL THERAPY TECHNIQUES | REGINA | 40.00 | |
| 020312 | BETHEA II DC | THERAPEUTIC ACTIVITIES | REGINA | 40.00 | |
| 021112 | BETHEA II DC | MANIPULATION (3-4 REGIONS) | REGINA | 60.00 | |
| 021112 | BETHEA II DC | MANUAL THERAPY TECHNIQUES | REGINA | 40.00 | |
| 021112 | BETHEA II DC | THERAPEUTIC ACTIVITIES | REGINA | 40.00 | |
| 021612 | BETHEA II DC | MANIPULATION (3-4 REGIONS) | REGINA | 60.00 | |
| 021612 | BETHEA II DC | THERAPEUTIC ACTIVITIES | REGINA | 40.00 | |
| 021612 | BETHEA II DC | MANUAL THERAPY TECHNIQUES | REGINA | 40.00 | |
| 022312 | BETHEA II DC | MANIPULATION (3-4 REGIONS) | REGINA | 60.00 | |
| 022312 | BETHEA II DC | THERAPEUTIC ACTIVITIES | REGINA | 40.00 | |
| 022312 | BETHEA II DC | MANUAL THERAPY TECHNIQUES | REGINA | 40.00 | |
| 010912 | BETHEA II DC | NEW PATIENT EXPANDED | REGINA | 75.00 | |
| 010912 | BETHEA II DC | MANIPULATION (3-4 REGIONS) | REGINA | 60.00 | |
| 010912 | BETHEA II DC | THERAPEUTIC PROCEDURE | REGINA | 55.00 | |
| 010912 | BETHEA II DC | MANUAL THERAPY TECHNIQUES | REGINA | 40.00 | |
| 010912 | BETHEA II DC | ELECTRICAL STIMULATION (UNATT) | REGINA | 30.00 | |
| 030912 | BETHEA II DC | ESTABLISHED PATIENT | REGINA | 35.00 | |

| STATEMENT CLOSING DATE: | 02/28/13 | PLEASE INDICATE YOUR ACCOUNT NUMBER WHEN CALLING OUR OFFICE: | 5325 |
|---|---|---|---|

PATIENT BALANCE
PAY THIS AMOUNT

1335.00

SEND INQUIRIES TO:

HEALTHCARE REIMBURSEMENT SVCS
68 GLOBAL DRIVE
SUITE 100
GREENVILLE SC 29607-4628

(800) 708-1679
IF YOUR PAYMENT IS IN THE
MAIL, PLEASE DISREGARD THIS
NOTICE.

92096S11010

Federal law requires that we advise you that the purpose of this communication is
to collect a debt, and that any information obtained will be used for that purpose.

# STATEMENT

HEALTHCARE REIMBURSEMENT SVCS
68 GLOBAL DRIVE
SUITE 100
GREENVILLE SC 29607

ADDRESS SERVICE REQUESTED



SHOW AMOUNT
PAID HERE          $ _____

| (800) 708-1679 | 03/31/13 | 5325 | 01 | 1335.00 |
|---|---|---|---|---|
| OFFICE PHONE NUMBER | CLOSING DATE | YOUR ACCOUNT NUMBER | PAGE NO. | PATIENT BALANCE |

>02785 2388741 001 092096
MS REGINA BOSTON
1220 BALLINA WAY
CHARLOTTE NC  28214-7157

HEALTHCARE REIMBURSEMENT SVCS
68 GLOBAL DR STE 100
GREENVILLE SC  29607-4628

NOTE: Charges and payments not appearing on this
statement will appear on next month's statement.

PLEASE RETURN THIS PORTION WITH PAYMENT

CHARGES APPEARING ON THIS STATEMENT ARE NOT INCLUDED ON ANY HOSPITAL BILL OR STATEMENT

| DATE | PROVIDER NAME | EXPLANATION OF ACTIVITY | PATIENT NAME | CHARGES AND DEBITS | PAYMENTS AND CREDITS |
|---|---|---|---|---|---|
| | | STARTING BALANCE | | 540.00 | |
| 020312 | BETHEA II DC | MANUAL THERAPY TECHNIQUES | REGINA | 40.00 | |
| 020312 | BETHEA II DC | THERAPEUTIC ACTIVITIES | REGINA | 40.00 | |
| 021112 | BETHEA II DC | MANIPULATION (3-4 REGIONS) | REGINA | 60.00 | |
| 021112 | BETHEA II DC | MANUAL THERAPY TECHNIQUES | REGINA | 40.00 | |
| 021112 | BETHEA II DC | THERAPEUTIC ACTIVITIES | REGINA | 40.00 | |
| 021612 | BETHEA II DC | MANIPULATION (3-4 REGIONS) | REGINA | 60.00 | |
| 021612 | BETHEA II DC | THERAPEUTIC ACTIVITIES | REGINA | 40.00 | |
| 021612 | BETHEA II DC | MANUAL THERAPY TECHNIQUES | REGINA | 40.00 | |
| 022312 | BETHEA II DC | MANIPULATION (3-4 REGIONS) | REGINA | 60.00 | |
| 022312 | BETHEA II DC | THERAPEUTIC ACTIVITIES | REGINA | 40.00 | |
| 022312 | BETHEA II DC | MANUAL THERAPY TECHNIQUES | REGINA | 40.00 | |
| 010912 | BETHEA II DC | NEW PATIENT EXPANDED | REGINA | 75.00 | |
| 010912 | BETHEA II DC | MANIPULATION (3-4 REGIONS) | REGINA | 60.00 | |
| 010912 | BETHEA II DC | THERAPEUTIC PROCEDURE | REGINA | 55.00 | |
| 010912 | BETHEA II DC | MANUAL THERAPY TECHNIQUES | REGINA | 40.00 | |
| 010912 | BETHEA II DC | ELECTRICAL STIMULATION (UNATT) | REGINA | 30.00 | |
| 030912 | BETHEA II DC | ESTABLISHED PATIENT | REGINA | 35.00 | |

| STATEMENT CLOSING DATE: | 03/31/13 | PLEASE INDICATE YOUR ACCOUNT NUMBER WHEN CALLING OUR OFFICE: | 5325 |
|---|---|---|---|

PATIENT BALANCE
PAY THIS AMOUNT
1335.00

SEND INQUIRIES TO:

HEALTHCARE REIMBURSEMENT SVCS
68 GLOBAL DRIVE
SUITE 100
GREENVILLE SC 29607-4628

(800) 708-1679
IF YOU HAVE ANY QUESTIONS
ABOUT THIS BILL, PLEASE CALL
OUR OFFICE

92096S11010

HEALTHCARE REIMBURSEMENT SVCS
1454 GENTRY MEMORIAL HWY
EASLEY SC 29640

5325          p1514a 4170 TH02

# STATEMENT



**ADDRESS SERVICE REQUESTED**

SHOW AMOUNT
PAID HERE          $ _____

| (800) 708-1679 | 04/30/13 | 5325 | 01 | 1335.00 |
|---|---|---|---|---|
| OFFICE PHONE NUMBER | CLOSING DATE | YOUR ACCOUNT NUMBER | PAGE NO. | PATIENT BALANCE |

>03303 2425285 001 092096
MS REGINA BOSTON
1220 BALLINA WAY
CHARLOTTE NC  28214-7157

HEALTHCARE REIMBURSEMENT SVCS
1454 GENTRY MEMORIAL HWY
EASLEY SC  29640-6940

NOTE: Charges and payments not appearing on this
statement will appear on next month's statement.

PLEASE RETURN THIS PORTION WITH PAYMENT

CHARGES APPEARING ON THIS STATEMENT ARE NOT INCLUDED ON ANY HOSPITAL BILL OR STATEMENT

| DATE | PROVIDER NAME | EXPLANATION OF ACTIVITY | PATIENT NAME | CHARGES AND DEBITS | PAYMENTS AND CREDITS |
|---|---|---|---|---|---|
| | | STARTING BALANCE | | 540.00 | |
| 020312 | BETHEA II DC | MANUAL THERAPY TECHNIQUES | REGINA | 40.00 | |
| 020312 | BETHEA II DC | THERAPEUTIC ACTIVITIES | REGINA | 40.00 | |
| 021112 | BETHEA II DC | MANIPULATION (3-4 REGIONS) | REGINA | 60.00 | |
| 021112 | BETHEA II DC | MANUAL THERAPY TECHNIQUES | REGINA | 40.00 | |
| 021112 | BETHEA II DC | THERAPEUTIC ACTIVITIES | REGINA | 40.00 | |
| 021612 | BETHEA II DC | MANIPULATION (3-4 REGIONS) | REGINA | 60.00 | |
| 021612 | BETHEA II DC | THERAPEUTIC ACTIVITIES | REGINA | 40.00 | |
| 021612 | BETHEA II DC | MANUAL THERAPY TECHNIQUES | REGINA | 40.00 | |
| 022312 | BETHEA II DC | MANIPULATION (3-4 REGIONS) | REGINA | 60.00 | |
| 022312 | BETHEA II DC | THERAPEUTIC ACTIVITIES | REGINA | 40.00 | |
| 022312 | BETHEA II DC | MANUAL THERAPY TECHNIQUES | REGINA | 40.00 | |
| 010912 | BETHEA II DC | NEW PATIENT EXPANDED | REGINA | 75.00 | |
| 010912 | BETHEA II DC | MANIPULATION (3-4 REGIONS) | REGINA | 60.00 | |
| 010912 | BETHEA II DC | THERAPEUTIC PROCEDURE | REGINA | 55.00 | |
| 010912 | BETHEA II DC | MANUAL THERAPY TECHNIQUES | REGINA | 40.00 | |
| 010912 | BETHEA II DC | ELECTRICAL STIMULATION (UNATT) | REGINA | 30.00 | |
| 030912 | BETHEA II DC | ESTABLISHED PATIENT | REGINA | 35.00 | |

STATEMENT
CLOSING DATE: **04/30/13**   PLEASE INDICATE YOUR ACCOUNT NUMBER WHEN CALLING OUR OFFICE:          5325

PATIENT BALANCE
PAY THIS AMOUNT

1335.00

SEND INQUIRIES TO:

HEALTHCARE REIMBURSEMENT SVCS          (800) 708-1679
1454 GENTRY MEMORIAL HWY
EASLEY SC 29640-6940                   DUE UPON RECEIPT.  PLEASE CALL
                                       IF YOU HAVE ANY QUESTIONS.

92096S11010

00044 246283 000045 000045 00001/00001 9209686904

# STATEMENT

**HEALTHCARE REIMBURSEMENT SVCS**
1454 GENTRY MEMORIAL HWY
EASLEY SC 29640

p1514a 4170 TU04

5325

ADDRESS SERVICE REQUESTED

| (800) 708-1679 | 05/31/13 |
|---|---|
| OFFICE PHONE NUMBER | CLOSING DATE |

>00044 246283 001 09206
MS REGINA BOSTON
1220 BALLINA WAY
CHARLOTTE NC 28214-7157

| YOUR ACCOUNT NUMBER | PAGE NO. |
|---|---|
| 5325 | 01 |

SHOW AMOUNT PAID HERE $

PATIENT BALANCE 1335.00

HEALTHCARE REIMBURSEMENT SVCS
1454 GENTRY MEMORIAL HWY
EASLEY SC 29640-6940

NOTE: Charges and payments not appearing on this statement will appear on next month's statement.

CHARGES APPEARING ON THIS STATEMENT ARE NOT INCLUDED ON ANY HOSPITAL BILL OR STATEMENT

PLEASE RETURN THIS PORTION WITH PAYMENT

| DATE | PROVIDER NAME | EXPLANATION OF ACTIVITY | PATIENT NAME | NUMBER(S) | CHARGES AND CREDITS |
|---|---|---|---|---|---|
| | | STARTING BALANCE | | | 540.00 |
| 020312 | BETHEA II DC | MANUAL THERAPY TECHNIQUES | REGINA | | 40.00 |
| 020312 | BETHEA II DC | THERAPEUTIC ACTIVITIES | REGINA | | 40.00 |
| 021112 | BETHEA II DC | MANIPULATION (3-4 REGIONS) | REGINA | | 60.00 |
| 021112 | BETHEA II DC | MANUAL THERAPY TECHNIQUES | REGINA | | 40.00 |
| 021112 | BETHEA II DC | THERAPEUTIC ACTIVITIES | REGINA | | 40.00 |
| 021112 | BETHEA II DC | THERAPEUTIC ACTIVITIES | REGINA | | 40.00 |
| 021612 | BETHEA II DC | MANIPULATION (3-4 REGIONS) | REGINA | | 60.00 |
| 021612 | BETHEA II DC | THERAPEUTIC ACTIVITIES | REGINA | | 40.00 |
| 021612 | BETHEA II DC | MANUAL THERAPY TECHNIQUES | REGINA | | 40.00 |
| 022312 | BETHEA II DC | MANIPULATION (3-4 REGIONS) | REGINA | | 60.00 |
| 022312 | BETHEA II DC | THERAPEUTIC ACTIVITIES | REGINA | | 40.00 |
| 022312 | BETHEA II DC | MANUAL THERAPY TECHNIQUES | REGINA | | 40.00 |
| 022312 | BETHEA II DC | MANIPULATION (3-4 REGIONS) | REGINA | | 60.00 |
| 010912 | BETHEA II DC | NEW PATIENT EXPANDED | REGINA | | 75.00 |
| 010912 | BETHEA II DC | MANIPULATION (3-4 REGIONS) | REGINA | | 60.00 |
| 010912 | BETHEA II DC | THERAPEUTIC PROCEDURE | REGINA | | 55.00 |
| 010912 | BETHEA II DC | MANUAL THERAPY TECHNIQUES | REGINA | | 40.00 |
| 010912 | BETHEA II DC | ELECTRICAL STIMULATION (UNATT) | REGINA | | 30.00 |
| 030912 | BETHEA II DC | ESTABLISHED PATIENT | REGINA | | 35.00 |

SEND INQUIRIES TO:
HEALTHCARE REIMBURSEMENT SVCS
1454 GENTRY MEMORIAL HWY
EASLEY SC 29640-6940

| STATEMENT CLOSING DATE: | 05/31/13 | PLEASE INDICATE YOUR ACCOUNT NUMBER WHEN CALLING OUR OFFICE. |
|---|---|---|

(800) 708-1679 PAST DUE! PLEASE REMIT THE BALANCE SHOWN WITHIN SEVEN (7) DAYS.

PAYMENT DUE! PAY THIS AMOUNT 1335.00

5325

9209651010

**STATEMENT**

P1514a 4170 M024

HEALTHCARE REIMBURSEMENT SVCS 5325
1454 GENTRY MEMORIAL HWY
EASLEY SC 29640

**ADDRESS SERVICE REQUESTED**

| (800) 708-1679 | 06/30/13 | | 5325 | 01 | 1335.00 |
|---|---|---|---|---|---|
| OFFICE PHONE NUMBER | CLOSING DATE | YOUR ACCOUNT NUMBER | | PAGE NO. | PATIENT BALANCE |

SHOW AMOUNT
PAID HERE
$ _____

>04330 2487992 001 042091
MS REGINA BOSTON
1220 BALLINA WAY
CHARLOTTE NC 28214-7157

HEALTHCARE REIMBURSEMENT SVCS
1454 GENTRY MEMORIAL HWY
EASLEY SC 29640-6940

NOTE: Charges and payments not appearing on this
statement will appear on next month's statement.

PLEASE RETURN THIS PORTION WITH PAYMENT

CHARGES APPEARING ON THIS STATEMENT ARE NOT INCLUDED ON ANY HOSPITAL BILL OR STATEMENT

| DATE | PROVIDER NAME | EXPLANATION OF ACTIVITY | PATIENT NAME | CHARGES AND DEBITS | PAYMENTS AND CREDITS |
|---|---|---|---|---|---|
| | | STARTING BALANCE | | 540.00 | |
| 020312 | ESTHER II DC | MANUAL THERAPY TECHNIQUES | REGINA | 40.00 | |
| 020312 | ESTHER II DC | THERAPEUTIC ACTIVITIES | REGINA | 40.00 | |
| 021112 | ESTHER II DC | MANIPULATION (3-4 REGIONS) | REGINA | 60.00 | |
| 021112 | ESTHER II DC | MANUAL THERAPY TECHNIQUES | REGINA | 40.00 | |
| 021112 | ESTHER II DC | THERAPEUTIC ACTIVITIES | REGINA | 40.00 | |
| 021612 | ESTHER II DC | MANIPULATION (3-4 REGIONS) | REGINA | 60.00 | |
| 021612 | ESTHER II DC | THERAPEUTIC ACTIVITIES | REGINA | 40.00 | |
| 021612 | ESTHER II DC | MANUAL THERAPY TECHNIQUES | REGINA | 40.00 | |
| 022312 | ESTHER II DC | MANIPULATION (3-4 REGIONS) | REGINA | 60.00 | |
| 022312 | ESTHER II DC | THERAPEUTIC ACTIVITIES | REGINA | 40.00 | |
| 022312 | ESTHER II DC | MANUAL THERAPY TECHNIQUES | REGINA | 40.00 | |
| 010912 | ESTHER II DC | NEW PATIENT EXPANDED | REGINA | 75.00 | |
| 010912 | ESTHER II DC | MANIPULATION (3-4 REGIONS) | REGINA | 60.00 | |
| 010912 | ESTHER II DC | THERAPEUTIC PROCEDURE | REGINA | 55.00 | |
| 010912 | ESTHER II DC | MANUAL THERAPY TECHNIQUES | REGINA | 40.00 | |
| 010912 | ESTHER II DC | ELECTRICAL STIMULATION (UNATT) | REGINA | 30.00 | |
| 030912 | ESTHER II DC | ESTABLISHED PATIENT | REGINA | 35.00 | |

PATIENT BALANCE
PAY THIS AMOUNT
1335.00

5325

SEND INQUIRIES TO:
HEALTHCARE REIMBURSEMENT SVCS
1454 GENTRY MEMORIAL HWY
EASLEY SC 29640-6940

STATEMENT
CLOSING DATE    06/30/13    PLEASE INDICATE YOUR ACCOUNT NUMBER WHEN CALLING OUR OFFICE

(800) 708-1679
LAST NOTICE! CONTACT US WITHIN
TEN (10) DAYS OR FACE
COLLECTION.

# HEALTHCARE REIMBURSEMENT SERVICES

*A full-service medical billing company*

68 Global Drive, Suite 100 | Greenville, SC 29607

2021487157

Regina Boston
1330 Ballina Way
Charlotte, NC 28214

UNITED STATES POSTAGE
02 1P
000393685 1
MAR 13 2013
MAILED FROM ZIP CODE 29607
$ 000.46
FIRST CLASS

# EXHIBIT B

5

ENCLOSED DOCUMENTATION:
DEBT VALIDATION, AFFIDAVIT AND INTERROGATORIES - CERTIFIED MAIL # 7011 0470 0000 7991 0729

INTERROGATORIES Depositions for Disclosure & Discovery
ALLEGED DEBT COLLECTOR/CREDITOR DISCLOSURE STATEMENT
Re "Offer of Performance"

***This statement and the answers contained herein may be used by the Issuer &
Maker, if necessary, in any court of competent jurisdiction***

### Respondent's Debt Validation Request for Alleged Debtor

<u>Notice</u>: This Debt Collector/Creditor Disclosure Statement is not a substitute for, nor the equivalent of, the hereinabove-requested verification of the record, i.e. *"Confirmation of correctness, truth, or authenticity, by affidavit, oath, or deposition"* (<u>Black's Law Dictionary</u>, Sixth Edition, 1990), re the alleged debt, and must be completed in accordance with the *Fair Debt Collection Practices Act*, 15 USC § 1692g and the Freedom of Information Act 5 USCA § 552, applicable portions of *Truth in Lending (Regulation Z)*, 12 CFR 226 Contract Disclosure and UCC 1-207, and demands as cited above in Offer of Performance. Debt Collector/Creditor must make all required disclosures clearly and conspicuously in writing re the following:

This statement and the answers contained herein may be used by Respondent, if necessary, in any court of competent jurisdiction.

**NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL
NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT**

Respondent: Regina Boston
Alleged Account No: 5325
Alleged Amount: $1,335
Debt Collector: HEALTHCARE REIMBURSEMENT SVCS

1. NAME OF ALLEGED DEBT COLLECTOR/CREDITOR:
   ..............................................................................................................................
2. Address of Debt Collector/Creditor:
   ..............................................................................................................................
3. Correct Lawful Name of Living Being, alleged Debtor/Obligor:
4. Are you required to register with the United States Department of Treasury as a financial institution?
5. Please provide the Documents that certify that you are a financial institution registered with the federal government through the United States Department of Treasury.     YES     NO
6. Provide me with your *Registered Agent that you are authorized to collect alleged debt*
7. Address of alleged Debtor/Obligor:
8. Alleged Account Number:
9. Alleged debt owed: $.
10. Date alleged debt became payable:
    ...........................................................................................................
11. What is the name and address of the alleged Original Creditor who actually provided funds to the alleged Debtor/Obligor, if different from alleged Debt Collector/Creditor?
    ..............................................................................................................................
    ..............................................................................................................................

Page 1 of 7

Case 3:13-cv-00471-GCM   Document 1   Filed 08/16/13   Page 15 of 21

........................................................................................................................................................

........................................................................................................................................................

12. If Debt Collector/Creditor is different from alleged Original Creditor, does Debt Collector/Creditor have a bona fide affidavit of assignment with the signature of the alleged Debtor/Obligor as an assignment for entering into alleged original contract between alleged Original Creditor and alleged Debtor/Obligor?

    YES    NO

13. Did Debt Collector/Creditor purchase this alleged account from the alleged Original Creditor?

    YES   NO    N/A (Not Applicable)

14. Are you the holder of the Original note/contract?    YES    NO

15. Are you the holder in due course of the Original Note and or Contract and if so please provide front and back copies of the original contract and or note.

16. If applicable, provide the date of purchase of this alleged account from alleged Original Creditor, purchase amount, and a copy of the original transaction:

Date: ...............................................................................................................................................

Amount:  $............................................................................................................................

17. Did Debt Collector/Creditor purchase this alleged account from a previous debt Collector/Creditor?

    YES   NO    N/A (Not Applicable)

18. If applicable, provide the date of purchase this alleged account from previous debt Collector/Creditor, purchase amount, and a copy of the original transaction:

Date: ...............................................................................................................................................

Amount:  $............................................................................................................................

19. Regarding this alleged account, Debt Collector/Creditor is currently the:

    Owner;      (b) Assignee;      (c) Other-explain:

........................................................................................................................................................

........................................................................................................................................................

........................................................................................................................................................

........................................................................................................................................................

20. What are the terms of the transfer of rights in re this alleged account?

21. If applicable, transfer of rights re this alleged account was executed by the following method:

    Assignment;   Negotiation;   *Novation*;   *Other - explain*:

........................................................................................................................................................

........................................................................................................................................................

ENCLOSED DOCUMENTATION:
DEBT VALIDATION, AFFIDAVIT AND INTERROGATORIES - CERTIFIED MAIL # 7011 0470 0000 7991 0729

..........................................................................................................................................................

..........................................................................................................................................................

22. If the transfer of rights re this alleged account was by assignment, was there consideration?

 YES   NO   N/A (Not Applicable)

23. What is the nature and cause of the consideration cited in #21 above?

..........................................................................................................................................................

..........................................................................................................................................................

..........................................................................................................................................................

..........................................................................................................................................................

24. If the transfer of rights re this alleged account was by negotiation, was the alleged account taken for value?     YES     NO     N/A (Not Applicable)

25. What is the nature and cause of any value cited in #23 above?

..........................................................................................................................................................

..........................................................................................................................................................

..........................................................................................................................................................

..........................................................................................................................................................

26. If the transfer of rights re this alleged account was by novation, was consent given by alleged Debtor/Obligor?     YES     NO     N/A (Not Applicable)

27. What is the nature and cause of any consent cited in #25 above?

..........................................................................................................................................................

..........................................................................................................................................................

..........................................................................................................................................................

..........................................................................................................................................................

28. Has the alleged Debt Collector/Creditor provided alleged Debtor/Obligor with the requisite *verification* of the alleged debt as required by the *Fair Debt Collection Practices Act*?

 YES   NO

29. Date said verification cited above in #27 was provided to alleged Debtor/Obligor with official copy and certification that it was sent to alleged Debtor/Obligor:

.................................................................................................................

30. If applicable, transfer of rights re this alleged account was executed by the following method:

 Assignment;   Negotiation;     Novation;     Other - explain:

..........................................................................................................................................................

..........................................................................................................................................................

..........................................................................................................................................................

..........................................................................................................................................................

31. If the transfer of rights re this alleged account was by assignment, was there consideration?

      YES   NO   N/A (Not Applicable)

32. What is the nature and cause of the consideration cited in #21 above?

................................................................................................................................
................................................................................................................................
................................................................................................................................
................................................................................................................................

33. If the transfer of rights re this alleged account was by negotiation, was the alleged account taken for value?   YES   NO   N/A (Not Applicable)

34. What is the nature and cause of any value cited in #23 above?

................................................................................................................................
................................................................................................................................
................................................................................................................................
................................................................................................................................

35. If the transfer of rights re this alleged account was by novation, was consent given by alleged Debtor/Obligor?   YES   NO   N/A (Not Applicable)

36. What is the nature and cause of any consent cited in #25 above?

................................................................................................................................
................................................................................................................................
................................................................................................................................
................................................................................................................................

37. Has the alleged Debt Collector/Creditor provided alleged Debtor/Obligor with the requisite *verification* of the alleged debt as required by the ***Fair Debt Collection Practices Act***?

      YES   NO

38. Date said verification cited above in #27 was provided to alleged Debtor/Obligor with official copy and certification that it was sent to alleged Debtor/Obligor:

................................................................................................

39. Was said verification cited above in #27 in the form of a sworn or affirmed oath, affidavit, or deposition?

      YES   NO

40. Verification cited above in #27 was provided alleged Debtor/Obligor in the form of :

      OATH   AFFIDAVIT   DEPOSITON

41. Does Debt Collector/Creditor have knowledge of any claim(s)/Defense(s) re this alleged account?

      YES   NO

42. What is the nature and cause of any claim(s)/defense(s) re this alleged account?

................................................................................................................................
................................................................................................................................
................................................................................................................................
................................................................................................................................

43. Does Debt Collector/Creditor receive Letter of Credit Financing from a major financial institution to run its operational budget?          YES     NO

44. Please provide the 1096 and 1098 Tax Returns for this account.

45. Please provide the 1099 OID and the 1099 INT forms for this account.

46. Are you [Alleged Creditor] the payor or the recipient on the 1099 OID forms?          YES     NO

47. Does this account operate as a pooling and servicer agreement?     YES     NO

48. Are you [Alleged Creditor] in this contract serving in the status of a pooler or servicer for the Original Lender?     YES     NO

49. Have you [Alleged Creditor] ever received any benefit from a third party financial institution due to the alleged contract with the alleged obligor?     YES     NO

50. Have you [Alleged Creditor] ever received stocks, bonds, securities or any other commercial items from any third party institutions in respect to the alleged contract with the obligor? YES     NO

51. Are there any stocks, bonds, or securities attached to the contract between you [Alleged Creditor] and the alleged obligor?          YES     NO

52. If the answer to the former question is yes could you please provide the CUSIP number for the said financial instrument?          CUSIP: ……………………………………………………..

53. Is this account connected to any Trust agreements?          YES     NO

54. Please provide the trust account number and the name of the trust and the name of the indentured trustee, who is handling and paying the interest on the certified securities on the Depository Trust Corporation relative to this account.

     Trust Account #: …………………………………… Name of Trust: …………………………………….

55. Is this account in any way connected to any financial and or securities fraud?          YES     NO

56. Please provide certified copies of the N-8A registration filed pursuant to section 8A of the Investment Company Act of 1940, the 10 K annual report, the S-3 registration statement and the S-4 prospective filed pursuant to Rule 425 (b) 5 with the Securities and Exchange Commission under section 13 & 15 (d) of the Securities and Exchange Act of 1934 in reference to this account and any certificated or un-certificated stocks, bonds, securities, or other financial instruments associated with this account.

57. Was alleged Debtor/Obligor provided with a loan by Debt Collector/Creditor?  YES  NO

58. If the alleged Debtor/Obligor was provided with a loan does the Debt Collector/Creditor have proof that assets were provided from the financial institution to the alleged obligor. Please provide certified copies, front and back of all documentary proof.

59. Was alleged Debtor/Obligor sold any products/services by Debt Collector/Creditor?  YES  NO

60. What is the nature and cause of any products/services cited above in # 49?
………………………………………………………………………………………………………………………
………………………………………………………………………………………………………………………
………………………………………………………………………………………………………………………
………………………………………………………………………………………………………………………

61. Does there exist, a verifiable, bona fide, original commercial instrument [note or contract] between alleged Debt Collector/Creditor and alleged Debtor/Obligor containing alleged Debtor/Obligor's bona fide signature?   YES   NO

62. What is the nature and cause of any verifiable commercial instrument cited above in # 51?

........................................................................................................................................

........................................................................................................................................

........................................................................................................................................

........................................................................................................................................

63. Does there exist, verifiable evidence of an exchange of a benefit or detriment between Debt Collector/Creditor and alleged Debtor/Obligor?      YES     NO

64. What is the nature and cause of this evidence of an exchange of a benefit or detriment as cited above in # 53?

........................................................................................................................................

........................................................................................................................................

........................................................................................................................................

........................................................................................................................................

65. Have any charge-offs been made by any creditor or debt Collector/Creditor regarding this alleged account?          YES     NO

66. Have any insurance claims been made by any creditor or debt Collector/Creditor regarding this alleged account?   YES     NO

67. Have any tax write-offs been made by any creditor or debt Collector/Creditor regarding this alleged account?   YES     NO

68. Have any tax deductions been made by any creditor or debt Collector/Creditor regarding this alleged account?   YES     NO

69. Have any valid judgments been obtained by any creditor or debt Collector/Creditor regarding this alleged account?   YES     NO

70. At the time the alleged original contract was executed, were all parties apprised of the meaning of the terms and conditions of said alleged original contract and was full disclosure of the nature of the contract provided to the alleged obligor?   YES        NO

71. At the time the alleged original contract was executed, were all parties advised of the importance of consulting a licensed Legal professional before executing the alleged contract?   YES        NO

72. At the time the alleged original contract was executed, were all parties apprised that said alleged contract was a private credit Instrument?   YES        NO

Debt Collector/Creditor's failure, both intentional and otherwise, in completing/answering points "1" through "72" above and returning this Debt Collector/Creditor Disclosure Statement, as well as providing Maker with the requisite *verification* validating the hereinabove-referenced alleged debt, constitutes Debt Collector/Creditor's tacit agreement that Debt Collector/Creditor has no verifiable, lawful, bona fide claim re the hereinabove-referenced alleged account, and that Debt Collector/Creditor tacitly agrees that Debt Collector/Creditor waives *all claims* against Maker and indemnifies and holds Maker harmless against any and all costs and fees heretofore and hereafter incurred and related re any and all collection attempts involving the hereinabove—referenced alleged account.

<u>Declaration</u>: The Undersigned hereby declares under penalty of perjury of the laws of this State that the statements made in this Debt Collector/Creditor Disclosure Statement are true and correct in accordance with the Undersigned's best firsthand knowledge and belief.

| Date: 3 / 15 / 2013 | Printed Name of Signatory: Regina Booten |

_____          _____
Official Title of Signatory                         Authorized Signature for Debt
Collector/Creditor

Debt Collector/Creditor must timely complete and return this Debt Collector/Creditor Disclosure Statement, along with all required documents referenced in said Debt Collector/Creditor Disclosure Statement. Debt Collector/Creditor's claim will not be considered if any portion of this Debt Collector/Creditor Disclosure Statement is not completed and timely returned with all required documents, which specifically includes the requisite *verification*, made in accordance with law and codified in the *Fair Debt Collection Practices Act* at 15 USC § 1692, Freedom of Information Act 5 USCA § 552 et seq., and which states in relevant part: "*A debt Collector/Creditor may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt,*" which includes "*the false representation of the character, or legal status of any debt,*" and "*the threat to take any action that cannot legally be taken,*" all of which are violations of law.

If Debt Collector/Creditor does not respond as required by law, Debt Collector/Creditor's claim will not be considered and Debt Collector/Creditor may be liable for damages for any continued collection efforts, as well as any other injury sustained by Maker of this Document. Please allow thirty (30) days for processing after Respondents receipts of Debt Collector/Creditor's response.